[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2012
JOHN LEY
CLERK

No.  11-15090
Non-Argument Calendar
_____

D. C. Docket No. 4:11-cv-00162-HLM

CHARLENE SHOCKLEY,

Plaintiff-Appellant,

versus

EMC MORTGAGE CORPORATION,
EMC,
MORTGAGE ELETRONIC REGISTRATION SYSTEMS, INC.,
MERS,
HOME BANC MORTGAGE CORPORATION,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants-Appellees.


_____

Appeal from the United States District Court
for Northern the District of Georgia
_____

(February 28, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This suit is the aftermath of a mortgage foreclosure. On January 31, 2007, Charlene Shockley obtained a loan, evidenced by a note, from Home Banc Mortgage, and secured the loan by giving Home Banc a security deed. On December 6, 2007, Home Banc assigned the security deed to Mortgage Electronic Registration Systems ("MERS"). On July 29, 2010, MERS assigned the security deed to EMC Mortgage Corporation ("EMC"). Shockley defaulted on the note, and on December 20, 2010, she was served with a Notice of Foreclosure Sale. The notice indicated that the sale would occur on February 1, 2011. The sale took place as noticed.

That same day, February 1, 2011, Shockley brought this action in Georgia Superior Court against Home Banc, MERS and EMC, seeking an injunction barring the foreclosure sale or, alternatively, damages on the ground of fraud.[1] The defendants removed the case to the district court, and immediately moved to dismiss the complaint on the ground, among others that the complaint failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

---

[1] The twenty-four paragraph complaint alleged that Shockley was fraudulently induced into the loan transaction with Home Banc and, moreover, was victimized by the defendants' fraudulent conduct occurring thereafter. In addition to injunctive relief, Shockley's complaint sought rescission of the loan transaction. Assuming, however, that foreclosure went forward, the complaint sought compensative and punitive damages for the defendants' fraud and unjust enrichment.

2

The district court granted their motion, concluding that the complaint's allegations failed to satisfy the Rule 9(b) particularity standard and, moreover, failed to demonstrate actionable fraud. The court then dismissed Shockley's complaint "without prejudice," thus granting Shockley leave to refile her case—in federal or state court—another day.

Shockley appeals the court's dismissal without prejudice, raising two claims of error: (1) the district court erred in taking judicial notice of publicly-filed property records, and (2) MERS lacked the right to invoke the nonjudicial foreclosure proceedings of O.C.G.A. § 44-14-1652. Neither claim has merit. We therefore affirm.

AFFIRMED.